UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| JONATHON HILL, *et al.*, | Case No. 2:23-cv-01750-MMD-BNW |
|---|---|
| Plaintiffs, | ORDER |
| v. | |
| AMENTUM SERVICES, INC., | |
| Defendant. | |

**I.    SUMMARY**

Plaintiffs Jonathon Hill and Phillip Rowton sued their employer, Defendant Amentum Services, Inc., for allegedly violating the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301, *et seq.* ("USERRA") by not paying them for 90 days of active duty military leave pay when they were called up from the reserves and served tours of active duty in the military. (ECF No. 1.) Before the Court is Defendant's motion to dismiss, contending that Plaintiffs' claim in this case is issue precluded because it was previously rejected in a union grievance arbitration. (ECF No. 6 ("Motion").)[1] Because the arbitrator only could, and only did, decide Hill's contractual claim—and as further explained below—the Court will deny the Motion.

**II.   BACKGROUND**

The following allegations are adapted from the Complaint. (ECF No. 1.) Plaintiffs work as unexploded ordinance technicians, removing explosives from test ranges at military bases in Nevada, for Defendant, who provides these services to the federal government under a contract. (*Id.* at 4.) Plaintiffs are members of a bargaining unit represented by Teamsters, Chauffeurs, Warehousemen and Helpers, Local 631 ("Local 631"). (*Id.*) They contend that Defendant refused to give them 90 days of active duty

---

[1]Plaintiffs responded (ECF No. 8) and Defendant replied (ECF No. 10).

1  military leave pay under Defendant's policies because of a collective bargaining
2  agreement between Defendant and Local 631. (*Id.*) More specifically, Plaintiff Hill was
3  called up to active duty for a year and a human resources employee of Defendant told
4  him he was entitled to only 10 days of active duty military leave pay upon his return. (*Id.*
5  at 5.) After Plaintiff Rowton returned from a stint on active duty, Defendant paid him 688
6  hours of differential pay, but refused to pay him the last 32 hours he sought, and then
7  asked him to reimburse Defendant for all but two weeks' pay of the 688 hours of leave
8  paid to him. (*Id.* at 6.) Based on these allegations, Plaintiffs bring a single claim for
9  USERRA leave discrimination under 38 U.S.C. § 4316(b)(1). (*Id.* at 6-7.)

10  Defendant attached several documents to its Motion. First, Defendant attached the
11  collective bargaining agreement between Defendant and Local 631, which provides in
12  pertinent part, "[a] grievance shall be defined as a dispute regarding the interpretation
13  and/or application of the particular provisions of this Agreement, filed by an authorized
14  Union Representative on behalf of an Employee covered by this Agreement, alleging a
15  violation of the terms and provisions of this Agreement." (ECF No. 6-1 ("CBA") at 33.)
16  Second, Defendant attached a copy of Local 631's post-hearing arbitration brief in an
17  arbitration proceeding regarding Plaintiff Hill, in which Local 631 contended that
18  Defendant's proposed interpretation of the CBA was inconsistent with USERRA,
19  specifically arguing an "interpretation of the CBA that violates statutory law could not be
20  what the parties intended." (ECF No. 6-2 at 23.) Third, Defendant attached a copy of the
21  arbitrator's decision where the arbitrator agreed with Defendant in concluding that Hill
22  was only entitled to 10 days of active military duty leave pay instead of the 90 that he
23  sought. (ECF No. 6-3 at 15-16.)

24  The arbitrator made statements pertinent to the parties' arguments about the
25  scope of his decision throughout it. Towards the beginning, he noted that Hill's grievance
26  (defined above) was within his purview, and that neither party made procedural or
27  substantive arbitrability claims. (*Id.* at 3.) He defined the issue before him as whether
28  employees under the CBA were "entitled to active duty pay of 90 days of differential pay

1 or are they entitled to two weeks of differential pay?" (*Id.*) He did not rule on Rowton's grievance. (*Id.* at 9-10.) He noted that he understood both sides' arguments were about the proper interpretation of Article 40 of the CBA. (*Id.* at 11-12.) He further explained at the beginning of his analysis section that he was addressing an alleged breach of a provision of a collective bargaining agreement. (*Id.* at 12-13.) He then reiterated, "the issue to be arbitrated is whether employees are entitled to active duty military leave pay under Article 40 of the Contract." (*Id.* at 13.) And he then analyzed Article 40 of the CBA. (*Id.* at 13-16.) But he ended the order with this sentence: "The Union did not provide any evidence that the Employer violated federal law regarding military pay." (*Id.* at 16.)

Defendant also attached some documents to its reply in support of the Motion. (ECF Nos. 10-1, 10-2.) Defendant specifically attached an email thread regarding Rowton's grievance (ECF No. 10-1), and the post-hearing brief that Defendant filed in the arbitration described above (ECF No. 10-2).

**III.     DISCUSSION**

Defendants contend that Plaintiffs' claim in this case is issue precluded because they both grieved their contention that they are entitled to more active duty military leave pay than Defendant is willing to pay them, Local 631 pursued their claims to arbitration, and Local 631 lost at arbitration. (ECF No. 6 at 2.) Plaintiffs counter that the Motion should be denied because it entirely relies on evidence external to the complaint, but even if the Court considers Defendant's argument, the arbitration decision is not entitled to preclusive effect because the arbitrator only had authority to decide contractual claims, not a statutory claim under USERRA like Plaintiffs bring here. (ECF No. 8 at 8-21.) Plaintiffs also point out that Defendant's preclusion argument does not apply to Plaintiff Rowton because the arbitrator did not rule on his grievance. (*Id.* at 21.) And Plaintiffs argue that USERRA supersedes any provisions in the collective bargaining agreement between Local 631 and Defendant in any event. (*Id.* at 21-22.) The Court agrees with Plaintiffs in pertinent part.

///

To start, the Court could arguably deem the CBA incorporated by reference because the Complaint refers to it (ECF No. 1 at 4), but the Complaint does not refer to any arbitration proceedings, so incorporating by reference the parties' post-hearing arbitration briefs and the arbitrator's decision would not be appropriate under the incorporation by reference doctrine.[2] Indeed, "[s]ubmitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint, but with a perverse added benefit: unless the district court converts the defendant's motion to dismiss into a motion for summary judgment, the plaintiff receives no opportunity to respond to the defendant's new version of the facts." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018). Thus, the approach that Defendant took in its Motion is improper.

However, Plaintiffs responded to the merits of Defendant's argument in their response to the Motion, and do not dispute the fact that Plaintiff Hill's grievance went to arbitration, or that the arbitrator denied it—nor do Plaintiffs dispute the authenticity of the arbitrator's decision that Defendant attached to its Motion. (ECF No. 6 at 6-8 (referring to Defendant's exhibits in formulating their own statement of the pertinent facts).) Plaintiffs accordingly had an opportunity to respond to Defendant's proffered evidence. They also do not dispute the facts, but instead the legal conclusions that the Court should reach from Defendant's proffered evidence. (*Id.*; *see also id.* at 10-22.) Defendant also had the opportunity to file a reply. (ECF No. 10.) The Court thus finds that Defendant's issue

---

[2] Defendant nearly acknowledges as much when it writes, "[t]he exhibits are either referenced in the Complaint – like the collective bargaining agreement – or indisputably authentic and connected to Amentum's contention that Plaintiffs are collaterally estopped from proceeding." (ECF No. 10 at 2; *see also id.* at 5 n.5 ("Even if the Court does not consider it now, it can be considered ultimately on summary judgment."); *id.* at 7-8.) Said otherwise, Defendant does not even try to argue that the Court could properly consider the other documents regarding the arbitration proceeding under the incorporation by reference doctrine. But Defendant does not argue for converting its motion to one for summary judgment either—and accordingly never argues under the summary judgment standard. Defendant's approach is inappropriate, and accordingly diminishes the persuasive value of Defendant's arguments. *See Khoja*, 899 F.3d at 1003 ("Although the incorporation-by-reference doctrine is designed to prevent artful pleading by plaintiffs, the doctrine is not a tool for defendants to short-circuit the resolution of a well-pleaded claim.").

preclusion argument is sufficiently ventilated, converts the Motion into one for summary judgment, and addresses the merits of Defendant's argument contained therein. *See In re Rothery*, 143 F.3d 546, 549 (9th Cir. 1998) ("a court may grant summary judgment without notice if the losing party has had a 'full and fair opportunity to ventilate the issues involved in the motion.'") (citations omitted).

Defendant has not shown it is entitled to summary judgment on Plaintiffs' claim based on issue preclusion. Defendant's issue preclusion argument is unpersuasive because the arbitrator only had authority to interpret the CBA—and understood his authority as so limited. *See supra* (describing contents of arbitration decision (ECF No. 6-3)). Said otherwise, the arbitrator only addressed Hill's contractual entitlement to 90 days of active duty military leave under the CBA, not his potential statutory right to additional leave pay under USERRA. (*Id.* at 9-16.) Indeed, the arbitrator described his jurisdiction as limited to adjudicating Hill's grievance (*id.* at 3), and the CBA itself defines grievance as, "a dispute regarding the interpretation and/or application of the particular provisions of" the CBA (ECF No. 6-1 at 33). Accordingly, the arbitrator did not decide whether USERRA entitles Hill to 90 days of leave. His decision therefore does not have issue preclusive effect on this case because it does not involve, "the application of the same rule of law as that involved in the prior proceeding[.]" *Golden v. O'Melveny & Myers LLP*, Case No. 19-56371, 2021 WL 3466044, at *2 (9th Cir. Aug. 6, 2021) (citing *Resolution Tr. Corp. v. Keating*, 186 F.3d 1110, 1116 (9th Cir. 1999)).

Moreover, the Court agrees with Plaintiffs (ECF No. 8 at 21)—not Defendant (ECF No. 10 at 3 n.1)—that the arbitrator's decision only resolved Hill's grievance, not Rowton's. (ECF No. 6-3 at 10.) Indeed, the arbitrator described the same email correspondence that Defendant attached to its reply to argue that the arbitrator resolved both grievances (ECF No. 10-1) in his decision, and the best reading of that portion of his decision is he is not resolving Rowton's grievance (ECF No. 6-3 at 10). The arbitrator indeed wrote that Local 631 withdrew Rowton's grievance without prejudice. (*Id.*) Instead, the best read is that the arbitrator understood the parties would take his decision on Hill's

5

grievance and apply it in resolving Rowton's grievance amongst themselves. (*Id.*) This is especially the case when the Court draw all inferences in Plaintiffs' favor as the nonmoving parties—as the Court must do now that it has converted Defendant's motion to dismiss into a motion for summary judgment. *See, e.g.*, *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986) (explaining that the Court must draw all inferences in the nonmoving party's favor at summary judgment). Therefore, and additionally, the arbitrator's decision cannot possibly have had issue preclusive effect on Rowton's claim in this case. The arbitrator did not decide anything about Rowton. (ECF No. 6-3 at 10.)

The Court's primary conclusion that the arbitrator's decision on Hill's rights under the CBA does not preclude him from asserting his potential rights under USERRA in this case is consistent with the caselaw upon which Plaintiffs rely in response to the Motion—and not inconsistent with the primary case upon which Defendant relies. Defendant is correct that an arbitration provision in a collective bargaining agreement requiring that covered employees arbitrate their claims under federal discrimination laws is enforceable. *See 14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 260 (2009). Indeed, the United States Court of Appeals for the Ninth Circuit has held that USERRA specifically does not prohibit "the compelled arbitration of claims arising under its provisions[.]" *Ziober v. BLB Res., Inc.*, 839 F.3d 814, 816 (9th Cir. 2016). So Local 631 could have agreed in the CBA to require Plaintiffs to arbitrate their claims under USERRA. But Local 631 did not, so the CBA does not require them to. *See supra* (explaining that the CBA's arbitration provision only applies to grievances, which are disputes about the meaning of the CBA). (*See also* ECF No. 6-1 (declining to require covered employees to arbitrate federal law discrimination claims, and declining to specifically mention USERRA).) The caselaw—most notably *Pyett*—upon which Defendant relies is thus beside the point for purposes of resolving the Motion.

Finally, while it is true that Local 631 mentioned USERRA in its post-hearing brief to the arbitrator, Local 631 was only relying on USERRA to make the argument that an

"interpretation of the CBA that violates statutory law could not be what the parties intended." (ECF No. 6-2 at 23.) Again, drawing all inferences in Plaintiffs' favor, this does not mean that Local 631 agreed to arbitrate Plaintiff Hill's USERRA claim he brings here as Defendant contends. (ECF No. 6 at 2 (citing ECF No. 6-2 at 22-23).) It is instead more plausible—and the Court draws the inference—that the Union was only arguing the arbitrator should interpret the CBA consistently with USERRA in determining the parties' intent in the CBA. (ECF No. 6-2 at 22 ("If the plain language of the CBA were not enough…[,]" 23 ("An interpretation of the CBA that violates statutory law could not be what the parties intended.").) And given all of the statements throughout the arbitrator's decision to the effect that he was only deciding contractual rights under the CBA, *see supra*, and again drawing all inferences in Plaintiffs' favor, the final sentence of his decision where he stated that Local 631 "did not provide any evidence that the Employer violated federal law regarding military pay" is either erroneous, or unnecessary commentary that does not change the outcome of the Court's analysis here. (ECF No. 6-3 at 16.)

In sum, Defendant is not entitled to summary judgment for the reasons it presents in its Motion. The Motion is thus denied.

**IV.  CONCLUSION**

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Defendant Amentum Services, Inc.'s motion to dismiss (ECF No. 6) is denied.

DATED THIS 1st Day of April 2024.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE