Eric B. Myers, SBN 8588
Sarah Grossman-Swenson, SBN 11979
**MCCRACKEN, STEMERMAN & HOLSBERRY, LLP**
1630 S. Commerce Street, Suite A-1
Las Vegas, NV 89102
Telephone: (702) 386-5107
Facsimile: (702) 386-9848
Email: ebm@msh.law
       sgs@msh.law

PAUL T. TRIMMER, ESQ.
Nevada Bar No. 9291
THOMAS W. MARONEY, ESQ.
Nevada Bar No.13913
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Facsimile: (702) 921-2461
Email: paul.trimmer@jacksonlewis.com
Email: thomas.maroney@jacksonlewis.com

*Attorneys for Defendant*
*Amentum Services, Inc*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JONATHON HILL, an individual, and PHILLIP ROWTON, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>AMENTUM SERVICES, INC., and Does 1-10,<br><br>Defendants. | Case No. 2:23-cv-01750-MMD-BNW<br><br>**STIPULATION AND ORDER TO EXTEND TIME FOR DISCOVERY**<br><br>**(SECOND REQUEST)** |

Defendant Amentum Services, Inc, ("Defendant") by and through its counsel, the law firm of Jackson Lewis P.C., and Plaintiffs Jonathon Hill and Phillip Rowton ("Plaintiffs"), by and through their counsel, McCracken, Stemerman & Holsberry, LLP, hereby stipulate and agree to extend the deadline to complete discovery **to December 30, 2024**. This Stipulation is submitted and based upon the following:

1

1. On October 27, 2023, Plaintiffs filed a Complaint naming Amentum Services, Inc, as Defendant.

2. On October 31, 2023, Plaintiffs served Defendant with a copy of the Summons and Complaint.

3. On January 5, 2024, Defendant filed its Motion to Dismiss Plaintiff's Complaint.

4. On April 1, 2024, the Court denied Defendant's Motion to Dismiss. ECF No. 14. The Court gave the Parties 180 days to complete discovery, to Saturday, September 28, 2024 (September 30, 2024).

5. Amentum's counsel was injury shortly thereafter, requiring an extension of time to answer the complaint. Pursuant to stipulation, Defendant answered on May 1, 2024.

6. Pursuant to Local Rule 26-3, the Parties submit the following statements:

    a. **Discovery completed:** The Parties timely completed initial disclosures, and they have served written discovery requests on each other, including requests for production of documents and interrogatories. They have provided extensions on discovery deadlines due to the schedules of counsel. Defendant responded to Plaintiffs' discovery on August 12, 2024, and Plaintiffs responded to Defendant's discovery on September 18, 2024.

    b. **Discovery that remains to be completed:** Plaintiffs have noticed a deposition of Defendant's 30(b)(6) representative for October 28, 2024, and Defendant has noticed depositions of Plaintiffs for October 29, 2024. The Parties are also discussing stipulations in lieu of deposition testimony.

    c. **Reasons why deadline was not completed:** The Parties have been working diligently to obtain discovery and have engaged in settlement discussions, most recently on October 24, 2024. Additional time is needed to explore whether the case can be resolved without further involvement of the Court. The parties have committed to having further discussions in the next several days.

    d. **Proposed schedule:**

        i. Discovery cut-off of **December 30, 2024**

7.  This is the second request for an extension of time to complete discovery, which was previously extended by 30 days to the schedule of the parties and counsel. Although this request is not made more than 21 days in advance of the current discovery cut-off on October 30, 2024, there is good cause for it. It is being made following substantive settlement discussions between counsel held on October 24, 2024, which require additional time to determine whether a resolution can be reached between the parties, or whether the parties can reach factual stipulations regarding undisputed issues. Counsel are concerned that proceeding to depositions in the next few days may interfere with settlement discussions. Further, the parties' ability to reach factual stipulations in advance of summary judgment will allow for the case to be resolved expeditiously by the court if it cannot be resolved.

8.  This request is made in good faith and not for the purpose of delay. The Parties have been working diligently to obtain discovery, and additional time is needed to see if the parties can reach a resolution of this case while conserving party and judicial resources.

DATED this 24th day of October, 2024.

McCracken, Stemerman & Holsberry, LLP

*/s/Sarah Grossman-Swenson*
Sarah Grossman-Swenson, SBN 11979
1630 S. Commerce Street, Suite A-1
Las Vegas, NV 89102
Email: sgs@msh.law

*Attorneys for Plaintiffs*

JACKSON LEWIS P.C.

*/s/Paul T. Trimmer*
PAUL T. TRIMMER, ESQ.
Nevada Bar No. 9291
THOMAS W. MARONEY, ESQ.
Nevada Bar No. 13913
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101

*Attorneys for Defendant*

**ORDER**

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

Dated: October 28, 2024

3