UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JONATHON HILL, *et al.*, <br><br>                          Plaintiffs, <br>     v. <br>AMENTUM SERVICES, INC., <br><br>                          Defendant. | Case No. 2:23-cv-01750-MMD-BNW <br><br> ORDER |

**I.    SUMMARY**

Plaintiffs Jonathon Hill and Phillip Rowton sued their employer, Defendant Amentum Services, Inc., for allegedly violating the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301, et seq. ("USERRA") by not paying them for 90 days of active duty military leave pay when they were called up from the reserves and served active military duty. (ECF No. 1.) Before the Court are Plaintiffs' motion for partial summary judgment on the issue of liability (ECF No. 24)[1] and Defendant's cross-motion for summary judgment. (ECF No. 34.)[2] Because Plaintiffs are not similarly situated to employees outside their bargaining unit—and as further explained below—the Court will deny Plaintiffs' motion and grant Defendant's cross-motion.

**II.    BACKGROUND**

The following facts are undisputed unless otherwise noted. Plaintiffs work as unexploded ordinance technicians, removing explosives from test ranges at military bases in Nevada, for Defendant. (ECF No. 24 at 7.) Defendant provides these services to the federal government under a Range Support Services contract ("RSSII"). (ECF Nos. 24 at 7-8; 1-1 at 15-22.) The RSSII includes a 90-day differential pay policy for employees

---

[1] Defendant responded (ECF No. 33) and Plaintiffs replied (ECF No. 35).

[2] Plaintiffs responded (ECF No. 36) and Defendant replied (ECF No. 37).

on active duty military leave ("Military Leave Policy"). (*Id.*) Plaintiffs are members of a bargaining unit represented by Teamsters, Chauffeurs, Warehousemen and Helpers, Local 631 ("Union") and covered by a Collective Bargaining Agreement ("CBA"). (ECF No. 24 at 9.) Article 40 of the CBA addresses military leave benefits. (ECF Nos. 34 at 3; 34-2 at 3.) Section one of Article 40 states that employees "ordered to active duty will be granted a leave of absence in accordance with Company Policy and Federal Law." (*Id.*) Section two of Article 40 states that employees "ordered to temporary training duty [are] entitled to up to the equivalent of two (2) weeks' pay in any one calendar year." (*Id.*)

Plaintiff Hill was called up to active duty for a year. (ECF No. 24 at 9.) Defendant informed Plaintiff Hill he was not eligible for 90 days of military leave pay. (*Id.*) After Plaintiff Rowton returned from a stint on active duty, Defendant paid him 688 hours of differential pay, but refused to pay him the last 32 hours he sought. (*Id.*) Later, Defendant asked Plaintiff Rowton to pay back the provided differential pay. (*Id.*) In 2022, the Union filed grievances on behalf of Plaintiffs, claiming they were each owed 90 days of military leave pay under the CBA. (ECF Nos. 34 at 4; 34-3 at 3, 9.) In accordance with the CBA, the Union arbitrated this contractual grievance. (ECF Nos. 34 at 4; 24-1 at 28.)[3] The arbitrator ultimately denied the grievance, finding the 90-day differential pay benefit from the Military Leave Policy did not apply to employees covered by the CBA. (ECF Nos. 34 at 4; 34-3 at 12-16.)

Plaintiffs bring a single claim for USERRA leave discrimination under 38 U.S.C. § 4316(b)(1). (ECF No. 1.) They contend that Defendant's refusal to grant 90 days of active duty military leave pay violates USERRA. (*Id.*)

///
///

---

[3]While Union originally consolidated Plaintiff Hill and Plaintiff Rownton's grievances, they ultimately withdrew Plaintiff Rowton's grievance without prejudice before the arbitrator's final decision. (ECF No. 36 at 19; No. 34-3 at 10); *see also Hill v. Amentum Servs., Inc.*, No. 223 Civ. 1750 MMD-BNW, 2024 WL 1376988, slip op. at 3 (D. Nev. Apr. 1, 2024) (concluding Plaintiff Rowton's contractual grievance was withdrawn and not resolved through the arbitration).

2

## III. DISCUSSION

The parties' cross-motions present a single legal issue, based on undisputed facts, as to Defendant's liability under USERRA. Accordingly, the Court addresses their arguments collectively.[4] But the Court first begins with Plaintiff's challenge to the timeliness of Defendant' cross-motion.

Plaintiffs argue Defendant's cross-motion for summary judgement should be disregarded because it was untimely. (ECF No. 36 at 9.) Defendant's cross-motion, filed a month and a half after the deadline for dispositive motions, is untimely. (ECF No. 26 (order granting stipulation to extend dispositive motions deadline to March 31, 2025).) However, as Defendant points out, Plaintiffs are not prejudiced by Defendant's untimely filing. (ECF No. 37 at 3.) Plaintiffs responded to the merits of Defendant's argument in their response to the motion. (ECF No. 36 at 9-24). The facts here are undisputed and a purely legal, dispositive issue remains before the Court. It would waste judicial resources to allow the case to continue, despite ruling against Plaintiffs' motion. Therefore, the Court will address both motions to resolve the legal issue of Defendant's liability to Plaintiffs under USERRA.

"Enacted in 1994, USERRA is a non-discrimination statute designed to encourage noncareer military service and to minimize its disadvantages and disruption to servicemembers returning to civilian life." *United States v. Nevada*, No. 3:24 Civ. 26 MMD-CLB, slip op. at 3 (D. Nev. 2024) (citing 38 U.S.C. § 4301(a)). USERRA is construed liberally "to ensure that veterans may take full advantage of the substantive rights and protections provided by [the] statute." *Ziober v. BLB Res., Inc.*, 839 F.3d 814, 819 (9th Cir. 2016) (citing *Alabama Power Co. v. Davis*, 431 U.S. 581, 585-97 (1977)).

USERRA prevents discrimination against individuals on leave from employment for uniformed service by ensuring they receive certain rights and benefits provided to

---

[4]When faced with cross-motions for summary judgement, "[e]ach motion must be considered on its own merits." *Fair Hous. Council of Riverside City, Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (citations omitted) (quoting William W. Schwarzer, *et al.*, The Analysis and Decision of Summary Judgment Motions, 139 F.R.D. 441, 499 (Feb. 1992)).

other employees. *See* 38 U.S.C. § 4316. The statute distinguishes between seniority and non-seniority benefits. *Compare* § 4316(a) *with* § 4316(b)(1)(B). Compensation during military leave is a non-seniority "right or benefit" under section 4316(b)(1)(B). *See Myrick v. City of Hoover, Ala.*, 69 F.4th 1309, 1317 (11th Cir. 2023) (citing *Travers v. Fed. Express Corp.*, 8 F.4th 198, 204 (3d Cir. 2021); *White v. United Airlines, Inc.*, 987 F.3d 616, 621 (7th Cir. 2021)). USERRA entitles people on military leave to those non-seniority benefits "generally provided by the employer of the person to employees having similar seniority, status, and pay. . . ." 38 U.S.C. § 4316(b)(1)(B). Federal regulations further define guaranteed non-seniority benefits as "those that the employer provides to similarly situated employees. . . ." 20 C.F.R. § 1002.150(a).

The core legal dispute between the parties is whether USERRA entitles Plaintiffs, parties to the CBA, to the active duty compensation benefits provided to non-represented employees under the Military Leave Policy. Defendant argues Plaintiffs are not "similarly situated" to employees outside their bargaining unit and therefore are not entitled to the same benefits. The Court agrees.

Through negotiation between the union and the employer, employees within a bargaining unit obtain different, often preferable, benefits compared to non-represented employees. The terms and conditions of employment, including pay, depend on whether an employee is within the bargaining unit. Accordingly, the Ninth Circuit held that the terms of a collective bargaining agreement determined the "benefits of employment" for the purposes of discrimination claims under USERRA. *See Belaustegui v. Int'l Longshore & Warehouse Union*, 36 F.4th 919, 927-929 (9th Cir. 2022). Because these benefits of employment vary depending on membership in a bargaining unit, only employees within the same bargaining unit are proper comparators for the purposes of USERRA. The court in *Lam v. Cleveland* came to a similar conclusion when it refused to compare military leave compensation benefits of employees in different bargaining units for the purposes of a USERRA discrimination claim. *See* 167 N.E.3d 124, 132 (Ohio Ct. App. 2021) ("In regard to other city employees, they are governed by other CBAs… Our review is limited

4

1  to what the city can do under the governing CBA in this case; we decline to look at other
2  city employees and their CBAs.").

3  Defendant analogizes to other discrimination claims, such as those brought under
4  Title VII of the Civil Rights Act of 1964, where courts find employees are not similarly
5  situated if they are not within the same bargaining unit. *See Marshall v. Western Grain*
6  *Co, Inc.*, 838 F.2d 1165, 1170 (11th Cir. 1988) ("[B]ecause of their unique status in the
7  workplace, bargaining unit employees are *never* similarly situated with non-bargaining
8  unit employees. The unique treatment that employers give to bargaining unit members is,
9  of course, reflected best by the collective bargaining agreement."); *Donnell v. Lee Cnty.*
10 *Port Auth.*, 509 F. App'x 903, 905 (11th Cir. 2013); *Davis v. Ineos ABS (USA) Corp.*, No.
11 09 Civ. 773 JGW, 2011 WL 1114409, slip op. at 3-4 (S.D. Ohio Mar. 24, 2011); *see also*
12 *McKie v. Miller Brewing Co.*, No. 90 Civ. 46 ALB/AMERDF, 1992 WL 150160, slip op. at
13 4 (M.D. Ga. Mar. 6, 1992) (applying *Marshall*'s holding in a Title VII claim).Plaintiffs argue
14 these cases are inapplicable because there was no "single overarching policy applicable
15 to all employees regardless of collective bargaining status" at issue. (ECF No. 36 at 21-
16 22.)[5] But the requirement that the policy be "generally provided" is only one element of a
17 section 4316 USERRA claim. Plaintiffs must also show that the generally applicable policy
18 is provided "to employees having similar seniority, status and pay…." 38 U.S.C. §
19 4316(b)(1)(B). Defendant's cited case law supports their argument here that because
20 Plaintiffs are covered under the CBA, they are sufficiently more similar to other employees
21 within the same bargaining unit than employees who are not, , even if a generally
22 provided policy is at issue.

23 Plaintiffs argue this conclusion violates USERRA because the statute "supersedes
24 any . . . contract, agreement, policy, plan, practice, or other matter that reduces, limits or

---

[5] Notably, a final binding arbitration decision already determined the Military Leave Policy does not apply to CBA employees like Plaintiffs. (ECF No 6-3.) Therefore, Plaintiffs' reliance on *N.L.R.B. v. U.S. Postal Service* is misplaced. (ECF No. 36 at 22-23); 888 F.2d 1568 (11th Cir. 1989). There, it was "undisputed" that the exact same policy applied "equally to supervisors and unit employees." *N.L.R.B v. U.S. Postal Service*, 888 F.2d at 1571. At best, the application of the Military Leave Policy to CBA employees like Plaintiffs is disputed.

5

1  eliminates in any manner any right or benefit provided by this chapter[.]" (ECF No. 24 at
2  7, 11, 15) (quoting 38 U.S.C. § 4302(b)). But the CBA here does not "reduce[s], limit[], or
3  eliminate[]" a "right or benefit" safeguarded by USERRA. § 4302(b). As Plaintiffs and
4  Defendant agree, USERRA does not require employers to provide employees with any
5  kind of paid military leave. (ECF Nos. 37 at 4; 36 at 10). The fact that the CBA does not
6  provide the same military leave compensation benefits as those outside the bargaining
7  unit does not qualify as a reduction of any right guaranteed by USERRA. Plaintiffs argue
8  USERRA requires employers to provide employees on military leave the "most favorable
9  treatment accorded to any comparable leave." (ECF No. 24 at 6-7, 10-14) (citing CFR §
10 1002.150(b)). But the cited regulation only guarantees that treatment when the benefits
11 "vary according to the type of leave." CFR § 1002.150(b). As Plaintiffs acknowledge, the
12 type of leave at issue here, active military leave, is not merely comparable but "identical."
13 (ECF No. 24 at 14.) The benefits vary based on bargaining unit membership, not based
14 on the type of leave. Therefore, that regulation is not applicable here.

15      USERRA ensures employees taking military leave do not face discrimination, not
16 that they receive an additional benefit. *See McCarrin v. Pollera*, No. 17 Civ. 1691, 2019
17 WL 4857464, slip op. at *6 (E.D. Pa. Sept. 30, 2019) ("USERRA affords a veteran no
18 'extra' benefits for having served in the military; s/he gets only what s/he would have
19 gotten had s/he remained on the job, rather than serving."). Unions provide favorable,
20 bargained-for terms for employees within a bargaining unit. USERRA does not allow
21 those employees to enjoy the benefits of that contract while still selecting preferred
22 military leave benefits afforded to employees outside their bargaining unit.

23      In sum, the Court agrees with Defendant that USERRA does not entitle Plaintiffs,
24 who are subject to the CBA, to the active duty compensation benefits provided to non-
25 represented employees under Defendant's Military Leave Policy. Accordingly, the Court
26 grants Defendant' cross-motion and denies Plaintiffs' motion.

27
28

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Plaintiffs' motion for partial summary judgment (ECF No. 24) is denied.

It is therefore ordered that Defendant's cross-motion for summary judgment (ECF No. 34) is granted.

The Clerk of Court is directed to enter judgment in favor of Defendant and close this case.

DATED THIS 4th Day of September 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE